Leroy **MOON, Jr.,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17087.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 6, 1962.

Decided Dec. 27, 1962.
Petitions for Rehearing En Banc and
Before the Division Denied

April 8, 1963.

Mr. Howard Adler, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Nathan J. Paulson and Abbott A. Leban, Asst. U. S. Attys., at the time the record was filed, also entered appearances for appellee.

Before WASHINGTON, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant was convicted of robbery under D.C.Code § 22–2901 (1961). This appeal followed.

The record shows that sometime after the commission of the crime, the police received information that appellant had committed it. He was by this time serving a sentence of imprisonment at the District Jail, for another offense. Appellant was brought before the United States Commissioner on complaint by the police concerning the instant crime. The Commissioner advised him of his rights, pursuant to Fed.R.Crim.P. 5(b), including the "right to retain counsel," to quote the Rule. Appellant requested that his preliminary hearing be continued for four weeks, to permit him to obtain counsel. The continuance was granted, and he was returned to the District Jail. On the agreed date, the preliminary hearing was conducted. The accused was without counsel. The Government put on Officer Caldwell, who testified that he and Officer Gray had talked with appellant after appellant's first appearance before the Commissioner, while appellant was confined in the Marshal's cell block in the Courthouse to await transportation back to the District Jail. At this interview, Officer Caldwell said, appellant confessed to committing the robbery here in question.

The Commissioner ordered appellant held for trial. Counsel was later appointed by the District Court, and represented him at his trial. The officers testified at

the trial concerning the oral confession described above. Appellant took the stand and offered an alibi. He denied having confessed to the officers.

On appeal, appellant's present court-appointed lawyer (who did not represent him at the trial) urges an important and novel point—namely, that the failure to assign counsel in the preliminary proceedings before the United States Commissioner violated his constitutional rights under the Fifth and Sixth Amendments, and that the confession obtained by the police must accordingly be excluded. But the points now made were not raised in the District Court. No objection of any kind was made to the introduction of appellant's oral confession. The District Court was not told of the fact that appellant lacked counsel at the preliminary proceedings, nor was any relief asked on that score. Certainly, in view of the admitted fact that the Commissioner did exactly what Rule 5(b) required him to do, we cannot say that there was "plain error" under Fed. R.Crim.P. 52(b).

Under the circumstances, the appellant's conviction must be

Affirmed.